IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| DALLAS H. DRUMMOND, JR. | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-976-GMS |
| | ) |
| PATRICK J. IWASKOWICZ, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Dallas H. Drummond, Jr. ("Drummond"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The court proceeds to review and screen the complaint.

## I. BACKGROUND

Drummond alleges that he was wrongfully accused, by one inmate, of the assault of another inmate. The inmate who had been assaulted stated that he did not know who hit him, but that he saw Drummond once he swung around and turned forward. The weapon used in the assault was found in a cell other than Drummond's. Drummond alleges that he was falsely charged "inside the institution" with assault. As a result, Drummond alleges that he lost the ability to earn good credits because he was actively enrolled in high school education classes, he was placed in isolation for thirty days, and he is now housed in a supermax prison that houses

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

death row inmates and inmates with double life sentences. Drummond indicates that he has forty months left on his sentence and his out date is in 2018. Drummond seeks compensatory and punitive damages, removal of the disciplinary infraction from his inmate file, and a transfer to population or to the Sussex Correctional Institution.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Drummond *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67

2

F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Drummond leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the court must: (1) outline the elements a plaintiff must plead to a state a claim for

3

relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

#### A. Eleventh Amendment

The VCC is named as a defendant. The VCC falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. *See Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102 (D. Del. 2005). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (unpublished). Finally, there are no allegations directed against the VCC.

The claim against the VCC is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## B. Respondeat Superior

The complaint names as a defendant Warden David Pierce ("Pierce"), apparently because of his supervisory position. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Iqbal*, 556 U.S. at 676-77 (2009); *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) (unpublished) (holding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). Here, the complaint does not allege any direct or personal involvement by Pierce. Therefore, the court will dismiss the claim against Pierce as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## C. False Disciplinary Report

The main thrust of Drummond's complaint is that he received a false disciplinary infraction charging him with assault, that he was housed in isolation for thirty days as a result of the false charge, and that he lost the ability to earn good time credits.[2] The filing of false disciplinary charges does not constitute a claim under § 1983 so long as certain procedural requirements are satisfied such as holding a hearing and proving the inmate opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (unpublished) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). The complaint is silent on the issue of whether Drummond was afforded procedural due process. Accordingly, the complaint will be

---

[2]The Due Process Clause does not guarantee an inmate the right to earn good-time credits. *See Shockley v. Hosterman*, 2007 WL 1810480, at *3 (D. Del. June 22, 2007); *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986, 1003 (D. Del.1995), *aff'd*,111 F.3d 125 (3d Cir. 1997).

5

dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted. However, because it appears plausible that Drummond may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend the false disciplinary report claim. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished).

## IV. CONCLUSION

For the above reasons, the claims against the VCC and Warden Pierce will be dismissed as frivolous and the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1). Drummond will be given leave to amend the false disciplinary report claim.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Nov. 14, 2014
Wilmington, Delaware