IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALLAS H. DRUMMOND, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-976-GMS |
| | ) |
| PATRICK J. IWASKOWICZ, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Dallas H. Drummond, Jr. ("Drummond"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) On November 18, 2014, the court reviewed, screened, and dismissed the original complaint. (*See* D.I. 12, 13.) Drummond was given leave to amend the false disciplinary report/due process claim. Drummond filed an amended complaint (D.I. 14) on December 10, 2014, followed by a motion to amend the complaint (D.I. 15) on December 16, 2014. The court will grant the motion to amend and will refer to the pleading as the proposed second amended complaint.

**I. BACKGROUND**

Drummond names as defendants Sgt. Patrick J. Iwaskowicz ("Iwaskowicz"), the correctional officer who authored the disciplinary report at issue, reinstates Warden Pierce

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

("Pierce) and the VCC (both of whom were previously dismissed as defendants by the court) and Officer Walstrum ("Walstrum") who was working on the tier during the events at issue.

The amended complaint, filed December 10, 2014 is identical to the original complaint, except that it contains exhibits. Therein, Drummond alleges that he was wrongfully accused by one inmate, of the assault of another inmate. The inmate who was assaulted on June 25, 2014, stated that he did not know who hit him, but that he saw Drummond once he swung around and turned forward. The weapon used in the assault was found in a cell other than Drummond's. Drummond alleges that he was falsely charged "inside the institution" with assault. The proposed second amended complaint alleges that during the disciplinary hearing, Drummond was not provided representation as he requested, his witness was overlooked and was not considered, and he was denied the right to confront his accuser. Drummond was found guilty and appealed.

Warden Pierce denied the appeal on the following grounds: "Due to the offender's history there is a viable belief that he did indeed strike the victim with the broom despite what the witness stated." Drummond alleges that he lost the ability to earn good time credits because he was actively enrolled in high school education classes, he was placed in isolation for thirty days, and he is now housed in a supermax prison that houses death row inmates and inmates with double life sentences. Drummond indicates that he has forty months left on his sentence and his out date is in 2018.

Drummond seeks compensatory and punitive damages, removal of the disciplinary infraction from his inmate file, and a transfer to population or to the Sussex Correctional Institution.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Drummond *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule

3

12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Drummond leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679;

4

*Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

### A. Eleventh Amendment

The Eleventh Amendment to the United States Constitution provides VCC immunity from this suit. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102 (D. Del. 2005). Accordingly, the claim against the VCC is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Respondeat Superior

The complaint names Pierce as a defendant, apparently because he denied Drummond's appeal. However, the a right to appeal disciplinary convictions is not within the narrow set of due process rights delineated in *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). *See Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); *Greer v. DeRobertis*, 568 F. Supp. 1370 (N.D. Ill. 1983). The procedural due process claim against Pierce is not a cognizable § 1983 claim under the holding of *Wolff*, and therefore, it will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. False Disciplinary Report

The main thrust of Drummond's complaint is that he received a false disciplinary infraction charging him with assault, that he was housed in isolation for thirty days as a result of

5

the false charge, and that he lost the ability to earn good time credits.² The filing of false disciplinary charges does not constitute a claim under § 1983 so long as certain procedural requirements are satisfied such as holding a hearing and proving the inmate opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (unpublished) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002)).

Drummond alleges that Iwaskowicz authored a false disciplinary report and that Walstrum was working on the tier on the day in question. The attachments provided by Drummond indicate that he received a disciplinary hearing. Drummond alleges that he was not provided representation as he requested, his witness was overlooked and was not considered, and he was not allowed to confront his accuser in violation of his procedural due process rights. The proposed second amended complaint does not, however, indicate who allegedly violated Drummond's rights, but it is clear from the allegations that it was not Iwaskowicz or Walstrum.

Accordingly, the due process claims against Iwaskowicz or Walstrum will be dismissed as legally frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and § 1915A(b)(1). However, because it appears plausible that Drummond may be able to articulate a claim against alternative defendants, he will be given one final opportunity to amend the false disciplinary report/due process claim. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished).

---

²The Due Process Clause does not guarantee an inmate the right to earn good-time credits. *See Shockley v. Hosterman*, 2007 WL 1810480, at *3 (D. Del. June 22, 2007); *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986, 1003 (D. Del.1995), *aff'd*,111 F.3d 125 (3d Cir. 1997).

6

## IV. CONCLUSION

For the above reasons, the court will grant the motion for leave to amend. (D.I. 15.) In addition, all defendants and the amended complaints will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1). Drummond will be given one final opportunity to amend the complaint to state a false disciplinary report/due process claim.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

__Jan 30__, 2015
Wilmington, Delaware