IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DALLAS H. DRUMMOND, JR.      )
                             )
              Plaintiff,     )
                             )
      v.                     ) Civ. Action No. 14-976-GMS
                             )
UNKNOWN,                     )
                             )
              Defendant(s).  )

**MEMORANDUM**

The plaintiff, Dallas H. Drummond, Jr. ("Drummond"), an inmate at the James T.

Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42

U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) On November 18, 2014, the court reviewed,

screened, and dismissed the original complaint. (*See* D.I. 12, 13.) Drummond was given leave

to amend the false disciplinary report/due process claim. Drummond filed an amended

complaint (D.I. 14) on December 10, 2014, followed by a motion to amend the complaint (D.I.

15) on December 16, 2014 and, thereafter, the court dismissed the amended complaint. (D.I. 17.)

Drummond was given one final opportunity to amend the false disciplinary report/due process

claim. The third amended complaint was filed on March 19, 2015. (D.I. 18.)

**I. BACKGROUND**

The caption of the third amended complaint incorrectly lists the State of Delaware as the

plaintiff and Drummond as the defendant. To the extent that Drummond intended to name the

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins*, 487 U.S. 42, 48 (1988).

State of Delaware as a defendant, it is immune from suit.[2] The third amended complaint alleges

that based upon Drummond's "so-called past history", he was found guilty of a disciplinary

infraction without any physical or circumstantial evidence and that there were violations of the

Delaware Department of Correction Code of Conduct due to the staff's failure to submit true,

accurate and appropriate reports in a timely fashion. In addition, the third amended complaint

alleges that Drummond is subject to discrimination because he has not had any job offers, job

positions, or opportunities for prison employment. Drummond seeks a transfer to a different

correctional facility.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions

of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28

U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner

seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with

respect to prison conditions). The court must accept all factual allegations in a complaint as true

and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*,

515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because

Drummond proceeds *pro se*, his pleading is liberally construed and his complaint, "however

---

[2]The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Drummond leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation

3

of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d

Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See*

*Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly*

and *Iqbal*, the court must: (1) outline the elements a plaintiff must plead to a state a claim for

relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to

the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and

then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*,

696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679;

*Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir.

2011)). The last step is "a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

### A. False Disciplinary Report

Drummond alleges that the staff issued a false disciplinary report that resulted in a

finding of guilt without any physical or circumstantial evidence. The filing of false disciplinary

charges does not constitute a claim under § 1983 so long as certain procedural requirements are

satisfied such as holding a hearing and proving the inmate opportunity to rebut the charges.

*Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (unpublished) (citing *Smith v.*

*Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002)).

Similar to the second amended complaint, the third amended complaint does not indicate who allegedly violated Drummond's rights. Drummond was given an opportunity to amend, but failed to correct his pleading defects. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). Therefore, the court will dismiss the claim as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**B. Prison Job**

Drummond alleges discrimination occurred because he has not been given a prison job. Drummond was not given leave to add new claims upon amendment. Regardless, prisoners have no entitlement to a specific job, or even to any job. *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). Indeed, it well established that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property interest under the Fourteenth Amendment. *Id.*; *see also Brian v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975) (inmate's expectation of keeping job is not a property interest entitled to due process protection); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) (prisoner's expectation of keeping prison job does not amount to a property interest entitled to due process protection); *Adams v. James*, 784 F.2d 1077, 1079 (11th Cir. 1986) (assignment to job as law clerk does not invest inmate with a property interest in continuation as such); *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (Constitution does not create a property interest in prison employment); *Flittie v. Solem,* 827 F.2d 276, 279 (8th Cir.1987) (inmates have no constitutional right to be assigned a particular job).

5

Drummond's claim is frivolous. Therefore, it will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and § 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the court will dismiss the third amended complaint as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and § 1915A(b)(1). The court finds amendment futile.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_____, 2015
Wilmington, Delaware