IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DALLAS H. DRUMMOND, JR.          )
                                 )
              Plaintiff,          )
                                 )
    v.                           ) Civ. Action No. 14-976-GMS
                                 )
PATRICK J. IWASKOWICZ, et al.,   )
                                 )
              Defendants.         )

**MEMORANDUM**

The plaintiff, Dallas H. Drummond, Jr. ("Drummond"), an inmate at the James T.

Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42

U.S.C. § 1983. The original complaint and its amendment were screened on January 30, 2015.

(D.I. 16, 17.) The claims were dismissed and Drummond was given leave to amend. Drummond

filed a third amended complaint on February 23, 2015. (D.I. 18.) The third amended complaint

was screened and it was dismissed as all claims were frivolous. (D.I. 19, 20). Drummond filed a

motion for correction of pleading defects, construed by the court as a motion to amend. (D.I. 21.)

The standard for obtaining relief under Rule 59(e) is difficult for Drummond to meet.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to

present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176

F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three

grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3)

the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v.*

*Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*,

52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a

request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA,* 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

In the third amended complaint, Drummond alleged that based upon his past history, he was found guilty of a disciplinary infraction without any physical or circumstantial evidence and that there were violations of the Delaware Department of Correction Code of Conduct due to the staff's failure to submit true, accurate and appropriate reports in a timely fashion. In addition, he alleged he is subject to discrimination because he has not had any job offers, job positions, or opportunities for prison employment. All claims were dismissed as frivolous pursuant 28 U.S.C. §§ 1015(e)(2)(B)(i) and 1915A(b)(1). In addition, the court found amendment futile. (*See* D.I. 20.)

The instant motion filed by Drummond includes the disciplinary reports at issue. In addition, Drummond states that he has a legitimate claim. The court has thoroughly reviewed Drummond's motion. His claims remain non-cognizable even were the court to consider the exhibits and any new allegations included in the motion. Drummond has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's June 24, 2015

2

memorandum and order dismissing the third amended complaint as frivolous.  Therefore, the

court will deny the motion for reconsideration.  (D.I. 21.)

UNITED STATES DISTRICT JUDGE

_____ July 29 _____, 2016

Wilmington, Delaware

3